UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGUERITE EZELL and SHERILYN SILVER, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>ACOSTA, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 4:16CV870 RLW<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Cross-Motion to Compel Responses to Plaintiff's Discovery Demands (ECF No. 58). This case was originally filed on June 16, 2016. Plaintiffs filed their Amended Class Action Complaint on August 22, 2016 and a Second Amended Class Action Complaint on September 1, 2016 as a collective and class action alleging that Defendant Acosta, Inc. ("Acosta") has engaged in an unlawful pattern and practice of failing to pay minimum wage and overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and in violation of Missouri Common Law and Public Policy. (Second Am. Compl. ¶ 2, ECF No. 19).

On September 22, 2016, United States District Judge Carol E. Jackson (retired) issued a Case Management Order ("CMO") pertaining to Phase I of this collective action. The CMO states that "[m]otions seeking to extend a deadline set forth in this Order or to otherwise modify the schedule set below . . . will not be granted absent a showing of good cause." (ECF No. 26) Further, with regard to discovery disputes, Judge Jackson ordered, "[a]ll discovery disputes, regardless of how submitted, must be presented not more than 15 days following the event that is

the subject of the dispute. Except for good cause shown, the Court will not consider any discovery dispute that is not presented in a timely manner." (*Id.* at ¶ 4(b))

Since the date of the original CMO, the parties have filed three motions to amend the CMO requesting extensions of the Phase I discovery deadline and the deadlines for filing and briefing the motion to certify a class. (ECF Nos. 31, 44, 46) The motions indicated that the parties were working cooperatively to complete Phase I discovery and resolve any disputes. (*Id.*) Judge Jackson granted the motions, and the Order of July 21, 2017 set the Phase I discovery deadline as September 15, 2017, and the deadline for filing a motion to certify a class as September 29, 2017, per the parties request. (ECF No. 47) The Order further stated that all other deadlines in the CMO remained unchanged. (*Id.*) On July 28, 2017, the case was transferred to the undersigned by Administrative Order. (ECF No. 48) Four business days later, on August 3, 2017, Defendant filed a Motion to Compel Deposition Testimony and Motion for Sanctions. (ECF No. 49)

Thereafter, the Plaintiffs filed two unopposed motions for extension of time to respond to the motion to compel, requesting extended dates for Plaintiffs' response and Defendant's reply. (ECF Nos. 51, 53) The motions indicated that the parties were exploring mediation and that all other deadlines would remain unchanged. (*Id.*) On September 15, 2017, the deadline for Phase I discovery, the parties filed a Joint Case Status Report and Motion for Extension of Time, again stating that the parties have continued to discuss the possibility of mediation. (ECF No. 55) The parties indicated that they would shortly notify the Court whether they would seek a stay of the action to pursue mediation or seek a final extension of the deadline to complete Phase I discovery. (*Id.*) The parties also requested that the Court extend the briefing schedule on Defendant's motion to compel by one month to "facilitate mediation discussions." (*Id.*) The

2

Court granted all motions for extension of time to file Plaintiffs' response and Defendant's reply to the motion to compel. (ECF Nos. 52, 54, 56)

However, over one month has passed, and the parties have not requested a stay to pursue mediation or filed a timely motion seeking an extension of the Phase I discovery completion date. Instead, Plaintiffs filed a Cross-Motion to Compel Responses to Plaintiffs' Discovery Demands. (ECF No. 58)

With regard to Plaintiffs' Cross-Motion to Compel, the Court will deny the motion. First, the Court notes that Plaintiffs filed the motion over one month after the Phase I discovery completion date. Plaintiffs did not file any motion to extend the deadline as required by the CMO, nor have Plaintiffs attempted to show good cause for filing a motion to compel after the close of discovery. *See Brown v. Williams*, No. 106CV135 CDP, 2007 WL 1892256, at *1 (E.D. Mo. June 28, 2007) (finding plaintiff waived his right to bring a motion to compel where said motion saw filed after the discovery completion date). Second, the CMO clearly states that the Court will not consider any discovery dispute that is not presented in a timely manner, which is not more than 15 days following the event that is the subject of the dispute. (ECF No. 26) The latest date that the dispute could have arisen was June 8, 2017, the date that Defendant objected to Plaintiffs' Second Request for Production of Documents. (ECF No. 60-10) However, the record shows that Plaintiffs did not contact Defendants until over a month later, and they did not present the dispute to the Court until over 4 months after Defendant's objections. (ECF No. 60-13) Plaintiffs offer no explanation for this delay or their failure to comply with the scheduling orders of this Court, including its failure to timely file a motion for class certification, and the Cross-Motion to Compel will be denied.

3

With regard to the Defendant's motion to compel, the Court notes that the motion was timely, and the Court will consider the motion once the briefing is completed. However, the Court reiterates that the discovery cut-off date for Phase I has passed, and any discovery beyond discovery sought in the motion to compel is untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Cross-Motion to Compel Responses to Plaintiffs' Discovery Demands (ECF No. 58) is **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall file a proposed briefing schedule for the motion for class certification no later than November 3, 2017.

**IT IS FINALLY ORDERED** that the parties shall notify the Court, in writing and no later than November 3, 2017, whether the Court should refer this case to Alternative Dispute Resolution for mediation.

Dated this 24th day of October, 2017.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**