**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

MARGUERITE EZELL and SHERILYN SILVER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ACOSTA, INC.,

Defendant.

No. 4:16CV870 RLW

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Deposition Testimony and Motion for Sanctions (ECF No. 49) and Defendant's Motions for Protective Order Limiting Rule 30(B)(6) Deposition Topics (ECF No. 67). The motions are fully briefed and ready for disposition. Upon consideration of the motions and related memoranda, the Court will grant the motion to compel and deny Defendant's motion for protective order.

**I. Background**

Plaintiffs Marguerite Ezell ("Ezell") and Sherilyn Silver ("Silver") (collectively "Plaintiffs") filed this putative collective action under § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and a Rule 23 putative class action under Missouri state law against Defendant Acosta, Inc. ("Acosta"). (Second Am. Class Action Compl. ["SAC"] ¶ 2, ECF No. 19) Specifically, Plaintiffs seek to represent other former and current Merchandisers employed by Defendant Acosta across the United States.[1] Plaintiffs contend that Acosta has

---

[1] According to Defendant, "Acosta is a full-service sales and marketing agency that provides outsourced sales, merchandising, marketing and promotional services to consumer packaged

engaged in an unlawful pattern and practice of failing to pay Merchandisers minimum wage and overtime pay.[2] (SAC ¶ 2) Plaintiffs define the class as "[a]ll individuals who are currently employed or formerly have been employed by Acosta as Merchandisers, or equivalent positions, in the United State within the last three years." (SAC ¶ 19) Both Ezell and Silver were employed in Missouri as Retail Continuity Merchandisers on Acosta's dedicated Wal-Mart team.[3] (Def.'s Mem. in Sup. of Mot. to Compel p. 1, ECF No. 50)

The action is currently in Phase I discovery, and discovery disputes have arisen. On August 3, 2017, Defendant filed a motion to compel the deposition testimonies of Ezell, Silver, and two opt-in plaintiffs, Kay Mader ("Mader") and Shirley Ann Piercy ("Piercy") regarding their knowledge of the work performed by other individuals who Plaintiffs seek to represent. According to Defendant, Plaintiffs' counsel instructed the deponents not to answer questions about other types of merchandising positions with other retailers, and Defendant seeks to compel further testimony. On November 14, 2017, Defendant filed a motion for protective order to limit the topics during the deposition of the Defendant's corporate representative scheduled for December 20, 2017. Defendant contends that the scope of deposition topics 2 through 7 should be limited to the Wal-Mart Continuity Associate position held by Ezell and Silver, not all Acosta Merchandisers "and similarly situated current and former employees of Defendant holding comparable positions but different titles and all of Defendant's current or former employees working at any and all of Defendant's branches in that position." Defendant claims that the

---

goods companies and retailers across the United States." (Def.'s Mem. in Supp. of Mot. to Compel p. 1, n. 1, ECF No. 50)

[2] Plaintiffs define "Merchandisers" as "Retail Coverage Merchandisers," "Retail Service Merchandisers," and equivalent positions. (SAC ¶ 8)

[3] In its motion for protective order, Defendant uses the term "Wal-Mart Continuity Associate" to describe the positions held by Ezell and Silver. (Def.'s Mem. in Sup. of Mot. for Protective Order p. 1, ECF No. 68)

deposition topics are overbroad, unduly burdensome, and seek information that is not relevant to the claims or defenses and are not proportional to the needs of the case.

## II. Discussion

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil Procedure 26. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1)).

However, under Federal Rule of Civil Procedure 26(c), a party may move for a protective order pertaining to discovery requests in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 30, 36 (1984)). "The party moving for the protective order has the burden to demonstrate good cause for issuance of the order." *Buehrle v. City of O'Fallon, MO*, No. 4:10CV00509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011) (citation omitted). In order to show good cause, "the

parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Id.* (citation omitted). Stereotypical and conclusory statements are insufficient to establish good cause under Rule 26(c). *Miscellaneous Docket Matter No. 1*, 197 F.3d at 926.

Here, Defendant seeks a protective order limiting the scope of Plaintiffs' deposition topics pursuant to Fed. R. Civ. P. 26(c)(1)(D). Upon thorough consideration of Defendant's motion and the responses thereto, the Court finds that Defendant has not established good cause for a protective order. Defendant claims that Plaintiffs are unable to bring an FLSA action on behalf the putative collection because, as Wal-Mart Continuity Associates, the named Plaintiffs are not similarly situated to other Merchandisers.

However, the Second Amended Complaint purports to cover all nationwide Acosta employees in a "Merchandiser" position within the last three years. (SAC ¶ 19) Both named Plaintiffs testified that the Acosta Retail Coverage Merchandiser job description submitted by Defendant's attorney accurately described the job duties Plaintiffs performed for Wal-Mart. (Pls.' Ex. A, Ezell Dep. 50:4-18, ECF No. 69-1; Pls.' Ex. B, Silver Dep. 39:2-11, ECF No. 69-1) Further, the Case Management Order entered in this case applies to Phase I discovery "of information material to (a) whether the class should be certified and the scope of any such class and (b) the merits of the individual claims alleged by the named plaintiff(s). Contrary to Defendant's position, discovery is not limited solely to Plaintiffs individual claims but also to information pertaining to class, or collective, certification and its scope. The Second Amended Complaint defines the collection of similarly situated employees as Merchandisers, or equivalent positions, employed by Acosta. The Plaintiffs here seek deposition testimony from Defendant's corporate representative pertaining to the Merchandising position with Acosta. As Plaintiffs seek information regarding allegations specifically plead in their Second Amended Complaint,

the Court finds that Defendants are not entitled to a protective order limiting the deposition topics. *See Leisman v. Archway Med., Inc.*, No. 4:14CV1222 RLW, 2015 WL 4994084, at *2 (E.D. Mo. Aug. 19, 2015) (limiting discovery to those allegations specifically pled in the complaint).

The Court also notes that named Plaintiffs seek to represent all "similarly situated" Merchandisers and seek deposition testimony from Defendant regarding the position, yet they refused to answer questions about their knowledge of other Merchandiser positions during their depositions. Plaintiffs cannot have it both ways. Therefore, the Court will grant Defendant's motion to compel testimony of the named Plaintiffs Ezell and Silver and the opt-in Plaintiffs Mader and Piercy regarding their knowledge about the work of other Merchandisers. As argued by the Defendant, this information is material to whether the class should be certified and the scope of such class. (Def.'s Mem. in Sup. of Mot. to Compel p. 7, ECF No. 50) At the initial conditional-certification stage of a collective action, the Plaintiffs have the burden to show that class of similarly situated plaintiffs exists. *White v. 14051 Manchester Inc.*, 301 F.R.D. 368, 372 (E.D. Mo. 2014) (citation omitted). Thus, the Court finds Defendants may re-depose the aforementioned Plaintiffs in St. Louis on the topic of their knowledge of other Merchandisers the Plaintiffs seek to represent.[4] While the Court will grant Defendant's motion to compel, the Court finds that sanctions, other than ordering the depositions of Mader and Piercy to occur in St. Louis, are not warranted.

Accordingly,

---

[4] The Court notes that Defendant's counsel previously traveled to Muncie, Indiana to depose Mader and Piercy. Defendant need not make a similar compromise for the second depositions.

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Deposition Testimony and Motion for Sanctions (ECF No. 49) is **GRANTED** as to the motion to compel and **DENIED** as to the motion for sanctions.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order Limiting Rule 30(B)(6) Deposition Topics (ECF No. 67) is **DENIED.**

**IT IS FINALLY ORDERED** that Defendant's Motion to Set Status Conference Prior to December 18 Regarding Defendant's Motion for Protective Order (ECF No. 72) is **DENIED** as **MOOT.**

Dated this 15th day of December, 2017.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**