UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARGUERITE EZELL and SHERILYN )
SILVER, on behalf of themselves and )
all others similarly situated, )
)
Plaintiffs, )
)
v. ) No. 4:16CV870 RLW
)
ACOSTA, INC., )
)
Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Plaintiffs to Show Cause or be Held in Contempt. (ECF No. 83) On December 15, 2017, the Court issued a Memorandum and Order granting Defendant's Motion to Compel, *inter alia*, the deposition testimony of opt-in Plaintiff Shirley Ann Piercy ("Piercy") in St. Louis, Missouri. (ECF No. 74) However, counsel for Plaintiffs did not produce Piercy for her deposition as ordered by the Court. On March 1, 2018, Defendant filed the present motion for Plaintiffs to show cause or be held in contempt. Plaintiffs responded that the motion is "besmirching," "gratuitous," "nastiness," "substantively frivolous," and "personally vindictive and offensive." (ECF No. 85) Plaintiffs state that Piercy's husband is ill, thus rendering her unable to proceed with the deposition. What the response fails to do, however, is offer an explanation why Piercy is, in fact, in contempt of an Order of this Court.

At the Hearing for Conditional Class Certification, Plaintiffs' counsel casually mentioned that the Defendant had not deposed Piercy. When asked about the pending motion for contempt, however, counsel was unable to address the topic. Therefore, the Court asked the parties to report as to the status of the motion. Plaintiffs respond that they have offered to pay reasonable

travel costs for Defendant to depose Piercy in Florida, or alternatively, they have offered to produce Piercy for a deposition by videolink. According to Plaintiffs, Defendant rejected both proposals. (ECF No. 99) Defendant reports that Piercy's noncompliance with the Court's Order has prejudiced Defendant by depriving Defendant of its right to complete Piercy's deposition and causing Defendant to incur expenses. (ECF No. 100) Specifically, Defendant asserts that Piercy's violation of the Order deprived Defendant of testimony required for its opposition to the motion for conditional certification. As the issue of conditional class certification has now been fully briefed and orally argued, the Court finds that Piercy is in contempt, and an appropriate sanction is dismissal from this action. Fed. R. Civ. P. 37(b); *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (finding dismissal may be considered as a sanction upon parties who fail to comply with discovery orders where "there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party"); *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) ("One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Plaintiffs to Show Cause or be Held in Contempt (ECF No. 83) is **GRANTED.**

**IT IS FURTHER ORDERED** that Piercy's claims against Defendant Acosta, Inc., are **DISMISSED** without prejudice.

Dated this 11th day of April, 2018.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

2