IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGUERITE EZELL and SHERILYN SILVER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ACOSTA, INC.,<br><br>Defendant. | Case No. 4:16-cv-00870-RLW |

**UNOPPOSED MOTION TO FOR SETTLEMENT APPROVAL**

Plaintiffs Marguerite Ezell and Sherilyn Silver and Opt-Ins Kay Mader, Shirley Ann Piercy, Judith Gambucci and April Guerrero, hereby move the Court for entry of an order approving the Settlement Agreement, which was been filed separately under seal, and dismissing the case with prejudice. Defendant does not oppose this motion. In support, Plaintiffs state as follows:

**I.     FLSA SETTLEMENTS REQUIRE COURT APPROVAL.**

Courts have held that purely private settlements of FLSA claims are unenforceable. *See, e.g., Shackleford v. Cargill Meat Solutions*, 2013 WL 209052, *3 (W.D. Mo. Jan. 17, 2013); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). Therefore, wage claims arising under the FLSA can be settled in one of two ways. First, 29 U.S.C. § 216(c) authorizes the Secretary of Labor to supervise payment of unpaid wages owed to employees. Second, in a private action under 29 U.S.C. § 216(b), a district court may approve a settlement reached as a result of contested litigation to resolve a bona fide dispute between the parties. *Id*. (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945)).

In a private action under § 216(b), a court must make two inquiries. First, the court must determine if the settlement was the product of "contested litigation." Second, the court must inquire as to whether the settlement involves a fair and reasonable resolution of a bona fide dispute between the parties. To indicate fairness, Courts will generally rely on the adversarial nature of a litigated FLSA case that results in settlement. *Lynn's Food Stores*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id*.

### A.     The Proposed Settlement Is the Product of Contested Litigation.

The instant case is the product of contested litigation. The case was filed on June 16, 2016. [Doc. # 1]. In April of 2017, the four opt-ins joined this case. The parties engaged in discovery that included the production of documents and the depositions of the Plaintiffs and two of the Opt-Ins, in addition to the deposition of a corporate designee of Defendant. In addition, the parties participated in a full day of mediation. There was additional motion practice as set forth in this Court's docket. Counsel for both parties are experienced in FLSA litigation. The parties also have spent considerable time and energy analyzing the merits of the case, discussing various issues implicated in the case, and litigating class certification. It is clear that the proposed settlement is the product of contested litigation between the parties.

### B.     The Proposed Settlement Reflects a Fair and Reasonable Resolution of a Bona Fide Dispute Between the Parties Over FLSA Coverage.

The second prong of the Court's settlement approval inquiry focuses on two issues. First, a bona fide dispute must be shown. Second, the Court must scrutinize the proposed settlement to ensure it is fair and reasonable.

1.     **A Bona Fide Dispute Between the Parties Existed.**

Plaintiffs' contention was that Defendant violated the FLSA by failing to pay for all hours worked. Specifically, Plaintiffs presented testimony and documentary evidence which they claimed set forth Defendant's company policy of not fully compensating Plaintiffs for work performed at the beginning and end of their work day. Defendant asserted that it had policies and procedures in place which ensured that its employees were paid for all time worked. There was a bona fide dispute between the parties throughout the pendency of this case.

2.     **The Proposed Settlement Is Fair and Reasonable.**

The settlement agreement was reached after negotiations between the parties and is viewed as fair by both sides. Based on the analysis by Plaintiffs' counsel, the settlement amounts paid to the named Plaintiffs exceed the value of their claims. Given the many disputes and uncertainties regarding liability, the amounts being paid in the settlement to the Plaintiffs and Opt-Ins are fair and reasonable.

3.     **The Proposed Attorneys' Fee Award is Reasonable.**

The settlement also resolves the Plaintiffs' claims for attorneys' fees and costs, foreclosing further litigation on this issue. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). In Section 3(c) of the Settlement Agreement (set forth on page two), Defendant has agreed to pay up to the amount set forth in the Settlement Agreement as attorneys' fees and costs and, per Section 5 of the Settlement Agreement, it does not oppose Plaintiffs' request for attorneys' fees and costs up to that amount.

The FLSA provides that prevailing plaintiffs are entitled to reasonable attorney's fees and costs. 29 U.S.C. § 216(b). Fees awarded by fee-shifting statutes can implicate the lodestar method, which is reached by multiplying the hours expended by a reasonable hourly rate. *Kenny A. v. Perdue*, 130 S. Ct. 1662 (2010). Here, separate and apart from the payments to Plaintiffs,

counsel will receive attorney's fees and reimbursement for costs and expenses spent prosecuting Plaintiffs' case up to the amount set forth in the Settlement Agreement filed under seal. The releases signed by each of the Plaintiffs clearly show the amounts being paid to the attorneys in this matter, and the Named Plaintiffs have agreed to these amounts.

Courts vary in the amount of scrutiny given to attorneys' fees in an individual FLSA settlement, where the client knowingly agrees to the apportionment. The parties vigorously litigated this case. Based on the amount of work performed in this case, it is clear that the lodestar of Plaintiffs' counsel exceeded the maximum amount of fees and costs set forth in the Settlement Agreement.

The parties, including Defendant, Plaintiffs' counsel, and Plaintiffs, have all agreed to the maximum amount of the fees and costs – making this an ideal settlement from the perspective of the United States Supreme Court. *Hensley*, 461 U.S. at 437 ("A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee."). Given the reasonableness of the amount being paid to the Plaintiffs and the amount of work expended by counsel, the Court should award Plaintiffs' counsel the maximum amount of fees and costs set forth in Section 3(c) of the Settlement Agreement.

## II.     Conclusion

For the foregoing reasons, Plaintiffs and the Opt-Ins respectfully request that the Court approve the parties' Settlement Agreement, award Plaintiffs' counsel attorneys' fees and expenses in the amount set forth in Section 3(c) of the Settlement Agreement, and dismiss this case with prejudice.

Dated: January 11, 2019                     Respectfully submitted,

                                                  KLAFTER OLSEN & LESSER LLP

By:     /s/ Fran L. Rudich
        Fran L. Rudich #2101681NY
        Jeffrey A. Klafter
        Seth R. Lesser #2265585NY
        Michael H. Reed #4827325NY
        Two International Drive, Suite 350
        Rye Brook, NY 10573
        (914) 934-9200
        (914) 994-9220 (Facsimile)
        fran@klafterolsen.com
        jak@klafterolsen.com
        seth@klafterolsen.com
        michael.reed@klafterolsen.com


LAW OFFICES OF JONATHAN E. FORTMAN, LLC

By:     /s/Jonathan E. Fortman
        Jonathan E. Fortman #40319MO
        250 Saint Catherine Street
        Florissant, MO 63031
        (314) 522-2312
        (314) 524-1519 (Facsimile)
        jef@fortmanlaw.com


THE McDONOUGH LAW FIRM, LLC

By:     /s/W. Christopher McDonough
        W. Christopher McDonough #49648MO
        16640 Chesterfield Grove Road, Suite 125
        Chesterfield, MO  63005
        (636)530-1815
        (636)530-1816 (Facsimile)
        wcm@mcdlawfirm.net

                KEANE LAW LLC

By:    /s/ Ryan A. Keane
        Ryan A. Keane # 62112MO
        9666 Olive Blvd, Suite 690
        St. Louis, MO 63132
        (314) 240-5278
        (314) 244-3778 (Facsimile)
        ryan@keanelawllc.com

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      A true and accurate copy of the foregoing has been served upon all counsel of record by operation of the Court's electronic filing system this 11th day of January, 2019

                                      /s/ Jonathan E. Fortman